┌─────────────────────────────────────────────────────┐
│          **NOT FOR PUBLICATION WITHOUT THE**              │
│        **APPROVAL OF THE APPELLATE DIVISION**             │
│                                                         │
│ This opinion shall not "constitute precedent or be binding upon any court." │
│ Although it is posted on the internet, this opinion is only binding on the │
│   parties in the case and its use in other cases is limited. R.1:36-3.     │
└─────────────────────────────────────────────────────┘

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3383-14T2

SILVANO COLLADO and MAYRA
COLLADO, Individually and
as Husband and Wife,

    Plaintiffs-Appellants,

v.

ELI M. SALZMANN,

    Defendant-Respondent,

and

ARI MUTUAL INSURANCE COMPANY,

    Defendant.

_____

        Argued September 21, 2016 — Decided  August 22, 2017

        Before Judges Fuentes, Simonelli and Carroll.

        On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-4337-12.

        James B. Smith, Jr. argued the cause for appellants (Ana C. Moreira, attorney; Ms. Moreira, on the brief).

Carl Mazzie argued the cause for respondent (Foster & Mazzie, LLC, attorneys; Mr. Mazzie, of counsel and on the brief; Jennifer L. Sanyshyn, on the brief).

PER CURIAM

On September 7, 2010, plaintiff Silvano Collado was rear-ended by defendant Eli M. Salzmann while driving a mini-commuter bus in Jersey City, New Jersey. Defendant stipulated to liability, and the matter was tried before a civil jury to determine whether plaintiff was entitled to recover compensatory damages. Because plaintiff's insurance policy contained a verbal threshold provision, he was required to prove, by a preponderance of the evidence, that he suffered "a permanent injury within a reasonable degree of medical probability." N.J.S.A. 39:6A-8a.[1] At trial, defendant's orthopedic expert, Dr. Thomas Helbig, opined that plaintiff suffered only soft tissue sprains and strains in connection with the accident. Dr. Helbig further testified that two surgical procedures performed on plaintiff were unnecessary. The jury returned a verdict in defendant's favor, finding plaintiff did not suffer a permanent injury related to this accident.

On appeal, plaintiff argues the trial judge abused her discretion in permitting Dr. Helbig to opine that his surgeries

---

[1] The statute provides that "[a]n injury shall be considered permanent when the body part or organ, or both, has not healed to function normally and will not heal to function normally with further medical treatment." N.J.S.A. 39:6A-8a.

2                                                          A-3383-14T2

were unnecessary. As he did before the trial judge, plaintiff argues this testimony went beyond the four corners of the six pre-trial reports Dr. Helbig submitted to plaintiff's counsel. Plaintiff argues this discrete evidential error by the trial judge requires us to vacate the jury's verdict and remand for a new trial. We disagree with plaintiff's arguments and affirm.

In order to question Dr. Helbig directly and fully consider counsel's arguments, the trial judge conducted an N.J.R.E. 104 hearing outside of the presence of the jury. The following colloquy occurred at this hearing:

> THE COURT: Doctor [Helbig], just so I'm clear, because I want to make sure I'm following you, . . . you would have to speculate, essentially, as to why the surgeries were performed.
>
> . . . .
>
> Is that accurate?
>
> A. Yes. I would have to speculate as to why Dr. Rovner[2] and Dr. Oppenheimer[3] performed these particular procedures on this particular gentleman.

---

[2] In his August 18, 2014 report, Dr. Helbig noted reviewing the operative report of Dr. Aron Rovner, dated June 6, 2014, which noted a surgical procedure performed on plaintiff related to a herniated disc at L5-S1. Dr. Helbig made clear he saw only degenerative change.

[3] In the same August 18, 2014 report, Dr. Helbig indicated he had reviewed Dr. Oppenheimer's post-surgery report on plaintiff's cervical spine.

. . . .

THE COURT: Notwithstanding that you said you would have to speculate as to why the surgeries were performed . . . you still indicated that you would not have recommended either procedure. . . . Am I accurate in what you said?

A. Yes.

. . . .

DEFENSE COUNSEL: Doctor [Helbig], whether you know why in Dr. Rovner's mind or Dr. Oppenheimer's mind, why they did the surgery, do you believe the surgeries were necessitated by the motor vehicle accident of September 7[], 2010?

A. No.

DEFENSE COUNSEL: And why not?

A. There was no objective finding on the MRI scan that was performed soon after the accident of September 2010 that, in my opinion, would require surgery.

DEFENSE COUNSEL: I have nothing further.

THE COURT: [Addressing plaintiff's counsel] [A]ny follow up?

PLAINTIFF'S COUNSEL: No Judge.

After considering the parties' arguments, the trial judge overruled plaintiff's objection. Dr. Helbig had previously opined in his pre-trial reports that plaintiff suffered only "sprains and strains" as a result of the September 7, 2010 accident, and the trial judge found that Dr. Helbig's opinion concerning the

4

necessity of plaintiff's surgeries was merely the logical extension of these reports. Furthermore, Dr. Helbig had previously made clear that the Magnetic Resonance Imaging (MRI) studies he reviewed showed injuries that were "degenerative in nature, unrelated to trauma[,] and unrelated to the alleged incident of 9/7/10." Dr. Helbig's opinion concerning the degenerative nature of plaintiff's spine covered both the cervical and lumbar regions. The trial judge was also particularly troubled by plaintiff's counsel's decision to proceed to trial without having taken Dr. Helbig's deposition.

Our standard of review concerning this type of evidentiary ruling is well settled. A trial court's admission of expert testimony is entitled to deference absent a showing of an abuse of discretion. Townsend v. Pierre, 221 N.J. 36, 52—53 (2015) (citations omitted). An abuse of discretion arises "on demonstration of 'manifest error or injustice[,]'" Hisenaj v. Kuehner, 194 N.J. 6, 20 (2008) (quoting State v. Torres, 183 N.J. 554, 572 (2005)), and occurs when the trial judge's "decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

"Expert testimony that deviates from the pretrial expert report may be excluded if the court finds 'the presence of surprise and prejudice to the objecting party.'" Conrad v. Robbi, 341 N.J. Super. 424, 440—41 (App. Div.) (citation omitted), certif. denied, 170 N.J. 210 (2001). In determining whether the trial judge abused her discretion in permitting Dr. Helbig to opine on the need for plaintiff's surgeries, we consider whether there was: (1) an absence of a design to mislead; (2) an absence of the element of surprise; and (3) an absence of prejudice. See id. at 441.

Here, the trial judge carefully reviewed the record and found there was no basis to conclude plaintiff's counsel was surprised, mislead, or prejudiced by Dr. Helbig's opinion. We conclude the trial judge did not abuse her discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3383-14T2